UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MISAEL ESPINOSA VALDES (A-Number: 072-087-030),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY,

Respondent.

Case No. 1:26-cv-6202-DAD-JDP

FINDINGS AND RECOMMENDATIONS

Petitioner Misael Espinosa Valdes, a citizen of Cuba, entered the United States legally on January 8, 1991. An immigration judge ordered him removed to Cuba on May 8, 2008. Immigration authorities have taken petitioner into custody three times in an attempt to effectuate his removal to Cuba. Most recently, ICE detained petitioner on January 28, 2026, but has been unable to remove him to Cuba and seeks to send him to Mexico instead. Petitioner, proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2241, alleging that his detention is illegal under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and 8 U.S.C. § 1231(a)(6). For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

## Background

Petitioner, a citizen of Cuba, entered the United States legally on January 8, 1991. ECF No. 8-1 at 2. He has been under a final order of removal since May 8, 2008. ECF No. 1 at 6. Petitioner was in ICE custody from the date of his removal order, May 8, 2008, to June 13, 2008, and then was released on his first order of supervision. ECF No. 8-1 at 2. He entered ICE custody again in 2016 after serving a criminal sentence and then was released on an order of supervision on November 21, 2026, because ICE was unable to carry out his removal to Cuba. *Id.*; ECF No. 1 at 6. Petitioner went back into ICE custody in 2021 after a vehicle offense and was again released on an order of supervision on September 9, 2021. ECF No. 8-1 at 2. Petitioner alleges that he has been in custody for more than 180 days over the course of these detentions. ECF No. 1 at 6.

ICE re-detained petitioner on January 28, 2026, and provided him a notice of revocation asserting that there was a significant likelihood that he would be removed "in the reasonably foreseeable future." ECF No. 10 at 2-3; *see also* ECF No. 8-1 at 3. During the current period of detention, ICE has not provided petitioner any indication that it tried to remove him to Cuba. ECF No. 1 at 6. On February 27, 2026, ICE served petitioner with a notice of removal to Mexico. ECF No. 8-1 at 3; ECF No. 10 at 3. Petitioner refused to sign it. ECF No. 8-1 at 3. Respondent asserts:

> Once signed, the petitioner will receive a Notice of Removal to Mexico 24 hours prior to his transfer to the relevant field office. The receiving ERO field office will then notify Mexico's Instituto Nacional de Migracion (INM) of the petitioner's upcoming removal to Mexico. Following INM's final acceptance, he will immediately be transported to the Customs and Border Protection corresponding port of entry for removal to Mexico.

*Id.*

## Procedural History

On March 16, 2026, petitioner filed a petition for writ of habeas corpus in the Middle District of Florida, where he was then detained. *Valdes v. Warden*, No. 3:26-cv-0561-MMH-PDB, ECF No. 1 (M.D. Fla. 2026). At some point, ICE transferred petitioner to the California City Detention Facility, which is within this district.

On August 5, 2026, petitioner filed the petition for writ of habeas corpus in this matter. ECF No. 1. On August 14, 2026, respondent moved to dismiss the petition as duplicative and successive. ECF No. 8. On August 18, 2026, petitioner filed a motion to voluntarily dismiss the Middle District of Florida petition, which the court granted on August 25, 2026. *Valdes v. Warden*, No. 3:26-cv-0561-MMH-PDB, ECF Nos. 14 & 15.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner asserts that his removal is not reasonably foreseeable under *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), and thus his continued detention violates due process. ECF No. 1 at 6. Petitioner's removal order was administratively final on May 8, 2008. *Id*. Immigration authorities have previously taken petitioner into custody multiple times to try to remove him to Cuba. *Id.*; *see also* ECF No. 8-1 at 2. Those attempts were unsuccessful because "Cuba would not accept his removal." ECF No. 1 at 6. Each time removal was unsuccessful, ICE released petitioner on an order of supervision. *Id.* ICE then re-detained petitioner on November 10, 2025, for the purpose of trying to remove him. ECF No. 8 at 21-22.

Respondent has moved to dismiss this petition under the "first to file rule," as successive, and for abuse of the writ. ECF No. 8. Respondent has not addressed the merits of the petition. The first to file rule is an equitable rule meant to promote efficiency and sound judicial

administration. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982). Given that respondent transferred petitioner to a detention facility in this district, and that the Middle District of Florida dismissed the initial petition upon petitioner's request, I decline to apply the first to file rule in this matter. As petitioner's first petition has been dismissed, resolving this petition on the merits does not undermine comity, economy, or consistency. Regarding respondent's argument that this petition is successive, *see* ECF No. 8 at 3-4, no judge has ruled previously on the legality of petitioner's detention. Accordingly, 28 U.S.C. § 2244(a)'s rule against successive petitions does not apply. Finally, I do not find that this petition constitutes abuse of the writ. Respondent's cases are not applicable to this procedural scenario where no judge has decided petitioner's claims. Accordingly, I recommend that petitioner's motion to dismiss be denied.

Turning to the merits, respondent has not contested any of petitioner's allegations. ICE has held petitioner well beyond the six months presumptively reasonable period set forth in *Zadvydas*, 533 U.S. 678. Although the government has statutory authority to detain noncitizens for removal, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*, 533 U.S. at 699. The Supreme Court established a burden-shifting framework to determine whether continued immigration detention is lawful and adopted a presumption that immigration detention is reasonable for a period of up to six months, after the final order of removal, when the detention is related to effectuating removal. *Id.* at 701.

Petitioner has given the court good reason to believe that there is not a significant likelihood of his removal in the reasonably foreseeable future. Cuba did not accept petitioner the three other times the United States held him for removal. ECF No. 1 at 6; ECF No. 8-1 at 2. ICE then re-detained petitioner January 20, 2026, but within a month provided him notice that it seeks to remove him to Mexico, not to Cuba. ECF No. 8-1 at 2-3. Petitioner clearly does not consent to be removed to Mexico and has remained in custody for nearly eight months rather than voluntarily accept removal to that country. I find that petitioner has provided good reason to believe that removal is not significantly likely to occur in the reasonably foreseeable future.

In *Zadvydas*, the Court directed lower courts to "measure reasonableness . . . in terms of the statute's basic purpose, . . . assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. Respondent cites no law requiring that petitioner consent to be removed to Mexico. Respondent does not argue that there is a significant likelihood that petitioner will be removed in the future given his lack of consent to removal to Mexico. As one district court aptly observed, "[r]espondents may not rely on petitioner's refusal to go along with their improper efforts to remove him to a third country as a basis for denying him habeas relief."[1] *See Boza-Rosales v. Blanche*, __ F. Supp. 3d __, 2026 WL 1412456, at *3 (W.D. Wash. May 15, 2026).

As there is no "significant likelihood that petitioner will be removed in the reasonably foreseeable future," his continued detention is unlawful, and he must be released. *See Aaron H. v. Chestnut*, No. 1:26-cv-1232-TLN-SCR, 2026 WL 1398910, at *2 (E.D. Cal. May 19, 2026); *Castillo Rivas v. Bondi*, No. 26-cv-0134-KKE, 2026 WL 295705, at *3 (W.D. Wash. Feb. 4, 2026); *Hoac v. Becerra*, No. 2:25-cv-1740-DC-JDP, 2025 WL 1993771, at *4-5 (E.D. Cal. July 16, 2025). I recommend that petitioner be immediately released from immigration custody.

**Conclusion**

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent's motion to dismiss, ECF No. 8, be DENIED.

3. Respondent be ordered to immediately release petitioner (A-Number: 072-087-030) from its custody subject to the previously-imposed conditions of release, if any.

4. Respondent be ENJOINED AND RESTRAINED from re-detaining petitioner unless it obtains a travel document for his removal, if necessary, and follows all procedures set forth in 8 C.F.R. §§ 241.4(l), 241.13(i), and any other applicable statutory and regulatory procedures.

---

[1] In a similar case, this court recently noted that the respondents' argument "appears to be that, because [the] petitioner is not agreeing to voluntarily depart to a country he is not from and is under no legal obligation to go to, he may be detained indefinitely. This argument is frivolous and the court admonishes [the] respondents' counsel to avoid wasting the court's time and resources with such arguments in the future." *Obando Vargas v. Blanche*, No. 1:26-cv-5343-DAD-AC, 2026 WL 2056618, at *2 (E.D. Cal. July 16, 2026).

5. The Clerk of Court be directed to serve California City Detention Facility with a copy of this order.

6. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: September 3, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE